## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BESS ADLER, | ) | Civil Action No. |
| | ) | 19-cv-10087-FDS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HER CAMPUS MEDIA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER ON DEFENDANT'S
### MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

SAYLOR, J.

This is a claim for copyright infringement.  Plaintiff Bess Adler is a professional photographer who licenses her photographs for use in news and media publications.  Defendant Her Campus Media, LLC operates a website targeted largely at women college students.

On January 18, 2018, one of Adler's photographs of the Second Annual Women's March was posted on the Her Campus website alongside an article related to the event.  Adler had not authorized the use of the photograph.  She then complained to Her Campus, which apparently then removed the photograph.

Adler has filed suit, alleging that defendant violated the Copyright Act, 17 U.S.C. § 101 *et seq.*  Defendant has moved to dismiss the complaint on grounds that (1) it is entitled to safe harbor protections under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c)(1); (2) its use of the photograph is protected as a fair use under 17 U.S.C. § 107; and (3) the complaint fails to state a claim upon which relief can be granted because Adler has not secured permission from the subjects of the photograph.  For the following reasons, the motion

to dismiss will be denied.  Defendant has moved in the alternative for summary judgment, which will also be denied.

## I.     Background

### A.     Factual Background

The facts are set forth as described in the amended complaint.

Bess Adler is a professional photographer who licenses her photographs to online and print media for a fee.  (Am. Compl. ¶ 5).  She is based in Brooklyn, New York.  (*Id.*).

Her Campus Media, LLC is a limited liability company with a place of business in Boston, Massachusetts.  (*Id.* ¶ 6).  Her Campus owns and operates a website at www.hercampus.com.  (*Id.*).  The amended complaint alleges that Her Campus employs an editorial staff to review the content posted on its website.  (*Id.* ¶ 12).

The dispute concerns a photograph taken by Adler at the "Second Annual Women's March."  (*Id.* ¶ 1, Ex. C).  The photograph was registered with the United States Copyright Office and was given registration number VA 2-094-557 and titled "74S06A4120.jpg."  (*Id.* ¶ 9).  According to the amended complaint, on January 28, 2018, the photograph appeared on the website of Her Campus alongside an article titled *The 2nd Annual Women's March:  The Good, The Bad, and The Ugly.*  (*Id.* ¶ 10).  It further alleges that Her Campus editorial staff reviewed the photograph prior to publishing the article.  (*Id.* ¶ 14).  Her Campus did not license the photograph from Adler and did not have permission to publish it on the website.  (*Id.* ¶ 11).

### B.     Procedural Background

The complaint in this action was filed on January 15, 2019.  It alleges one count of copyright infringement in violation of 17 U.S.C. §§ 106 and 501.  An amended complaint was filed on June 5, 2019, that alleges additional facts.  Plaintiff seeks an award of either actual

damages or statutory damages, in addition to costs, attorney's fees, and prejudgment interest.

Defendant has asserted two affirmative defenses:  (1) that it is entitled protection under the safe harbor provisions of 17 U.S.C. § 512, and (2) that the appearance of plaintiff's photograph on its website constituted a fair use under 17 U.S.C. § 107.  Defendant has moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and, in the alternative, for summary judgment.

## II.    <u>Motion to Dismiss</u>

On a motion to dismiss pursuant to Rule 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

To prevail on a claim for copyright infringement, a plaintiff must demonstrate (1) ownership of a valid copyright and (2) copying of the elements of the work that are original.

*Johnson v. Gordon*, 409 F.3d 12, 17 (1st Cir. 2005) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Here, the complaint asserts plausible facts sufficient to state such a claim.  First, it makes out a *prima facie* case of copyright validity by attaching a certificate of registration made before or within five years of the first publication of the photo at issue, (Am. Compl., Ex. B).[1]  *See* 17 U.S.C. § 410(c).  Second, the complaint alleges that defendant copied the photo's original elements by reproducing it in its entirety on defendant's website.  (Am. Compl. ¶ 10, Ex. C).

## A.     Affirmative Defenses:  DMCA Safe Harbor and Fair Use Doctrine

Defendant seeks to dismiss the complaint based on its affirmative defenses.  "It is well established that affirmative defenses . . . may be raised in a motion to dismiss an action for failure to state a claim."  *Blackstone Realty LLC v. FDIC*, 244 F.3d 193, 197 (1st Cir. 2001).  "However, it is equally well settled that, for dismissal to be allowed on the basis of an affirmative defense, the facts establishing the defense must be clear 'on the face of the plaintiff's pleadings.'"  *Id.* (quoting *Aldahonda–Rivera v. Parke Davis & Co.*, 882 F.2d 590, 591 (1st Cir. 1989)).

On October 28, 2019, Judge Sorokin of this court issued an opinion in *Getty Images (US), Inc. v. Her Campus Media, LLC*, 2019 WL 5552332 (D. Mass. Oct. 28, 2019) that addresses largely identical issues.  He concluded that the facts as alleged in the complaint in that case were insufficient to conduct a "thorough analysis" of both the DMCA safe harbor and fair use defenses on a motion to dismiss.  *See* 2019 WL 5552332, at *2.  A similar approach is warranted

---

[1] The copyright registration is dated February 27, 2018.  (Am. Compl., Ex. B).  It is unclear when exactly the photo was first published, but the event it depicts took place in January 2018, so it cannot have been published earlier.  (*See* Am. Compl., Ex. C).  Thus, February 27, 2018 was well within the five-year statutory period set by 18 U.S.C. § 410(c).

here.  The facts as alleged, which are relatively skeletal, do not permit a proper analysis of the two affirmative defenses.[2]

### B.    Mass. Gen. Laws ch. 214, § 3A

Defendant further contends that the amended complaint fails to state a claim.  It points out that the subjects of plaintiff's photograph—a girl and several women—have an independent right to their likenesses under Mass. Gen. Laws. ch. 214, § 3A.[3]  Because plaintiff has not secured those rights, defendant says, awarding her money damages would violate ch. 214, § 3A.

That argument fails as a matter of law.  First, only the subjects of plaintiff's photograph have standing to enforce their rights under Mass. Gen. Laws ch. 214, § 3A.  Second, even if defendant could enforce those rights, it is unclear how recovering court-awarded damages for a violation of federal copyright law could qualify as a use "for advertising purposes or for the purposes of trade" within the meaning of Mass. Gen. Laws ch. 214, § 3A.  *See Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 27 (1st Cir. 2016) ("[E]ven a use leading to some profit for the publisher is not a use for advertising or trade purposes unless the use is designed to 'appropriat[e] to the defendant's benefit the commercial or other values associated with the name or likeness.'") (quoting *Tropeano v. Atlantic Monthly Co.*, 379 Mass. 749 (1980)).  Third, even if ch. 214, § 3A somehow prohibited awarding plaintiff damages, it would likely be preempted by federal copyright law, which entitles her to recover monetary relief for the unauthorized reproduction of her works.  *Cf. Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011 (9th Cir. 2017)

---

[2] The primary difference between the present case and *Getty Images* appears to be that the plaintiff there alleged that the defendant failed to take down the allegedly infringing photographs even after repeated notices about the alleged unauthorized use.  2019 WL 5552332, at *1.  Here, the complaint does not allege when and how plaintiff informed defendant of the allegedly infringing image.  That difference does not matter for present purposes.

[3] Specifically, that statute provides that "[a]ny person whose name, portrait or picture is used within the commonwealth for advertising purposes or for the purposes of trade without his written consent may bring a civil action" to restrain its use.  Mass. Gen. Laws ch. 214, § 3A.

(holding that state-law publicity-right claims are preempted because otherwise defendant would have been held "liable for exercising rights governed exclusively by copyright law").

In short, the facts alleged are insufficient to analyze the validity of the affirmative defenses and the amended complaint states a claim that is plausible on its face. Accordingly, the motion to dismiss will be denied.

## III.    Summary Judgment

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (internal quotation marks omitted). Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Essentially, Rule 56[] mandates the entry of summary judgment 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Coll v. PB Diagnostic Sys.*, 50 F.3d 1115, 1121 (1st Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In making that determination, the court must view "the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." *Noonan v. Staples, Inc.*, 556 F.3d 20, 25 (1st Cir. 2009). When "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotations omitted). The non-moving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Id.* at 256-57.

As in *Getty Images*, "the affirmative defenses that Her Campus raises as the basis for its

motion for summary judgment turn on facts under its control and either absent from the record or disputed by the parties," including "the precise nature of the relationship between Her Campus and its student contributors."  2019 WL 5552332, at *2.  There is thus a genuine dispute of material fact, and defendant's alternate motion for summary judgment will therefore be denied.

## IV.    <u>Conclusion</u>

For the foregoing reasons, defendants' motion to dismiss and, in the alternative, motion for summary judgment, is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated:  November 7, 2019